# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY FENSTERMACHER,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMUEL MORENO, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01447-YNP PC<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE DISMISSED FROM THIS ACTION AND DENYING PLAINTIFF'S MOTION<br><br>(Doc. 19) |

Plaintiff Timothy Fenstermacher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's July 17, 2009 "Motion Requesting Court to Instruct U.S. Marshal to Complete Service." (Doc. #19.)

On April 22, 2009, the Court ordered the U.S. Marshal to serve Plaintiff's complaint on Defendants Samuel Moreno and Ruben Robles. (Doc. #13.) On June 25, 2009, the summonses directed to both defendants were returned to the Court unexecuted. (Docs. #17, 18.) The unexecuted summonses indicated that the U.S. Marshal was unable to locate Defendants using the information provided by Plaintiff.

Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for

1

1         service for an appropriate period.

2 The Court has ordered service to be made by a U.S. Marshall pursuant to Federal Rule of Civil
3 Procedure 4(c)(3) because Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915.

4         As noted above, the U.S. Marshal returned the summonses to be served on Defendants
5 Moreno and Robles to the Court unexecuted and indicated that they could not be located at the prison
6 facility using the information provided by Plaintiff. Plaintiff alleges that the U.S. Marshal did not
7 utilize the help available to him, but Plaintiff fails to provide any facts supporting his bare
8 conclusion. The unexecuted summonses also indicated that Defendants could not be located in the
9 CDC locator database. The responsibility to provide accurate information belongs to Plaintiff. The
10 U.S. Marshal is required to serve on Plaintiff's behalf using only the information provided by
11 Plaintiff. The U.S. Marshal is not required to do an independent investigation beyond what appears
12 to have been done to find more current or accurate information than that provided by Plaintiff.

13         "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the
14 U.S. Marshal for service of the summons and complaint and ... should not be penalized by having
15 his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed
16 to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v.
17 Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515
18 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the
19 defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d
20 at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro
21 se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of
22 the summons and complaint, the court's sua sponte dismissal of the unserved defendants is
23 appropriate. Walker, 14 F.3d at 1421-22.

24         As noted above, the information provided by Plaintiff was insufficient to allow the U.S.
25 Marshal to serve Defendants Moreno and Robles. It appears that the U.S. Marshal was unable to
26 effect service because he was not provided with updated information necessary identify and locate
27 Defendants, and information on the Defendants' whereabouts could not be found in the CDC locator
28 database. Thus far, there is no indication that the failure to effect service was due to the U.S.

1 Marshal's failure to perform his duties.  Plaintiff has not provided the Court with any updated
2 information on the whereabouts of the unserved Defendants.  Accordingly, Plaintiff's motion to
3 direct the U.S. Marshal to effect service is denied and the Court will provided Plaintiff the
4 opportunity to Show Cause why Defendants Moreno and Robles should not be dismissed from the
5 action.

   The Court HEREBY ORDERS:

   1.   Plaintiff's July 17, 2009 motion to serve Defendants is DENIED; and

   2.   Plaintiff is ORDERED TO SHOW CAUSE **within TWENTY (20) days of the date of service of this Order,** why Defendants Moreno and Robles should not be dismissed from the action for lack of service.[1]

   Plaintiff is forewarned that his failure to show cause may result in a recommendation that Defendants Moreno and Robles be dismissed from the action.

   IT IS SO ORDERED.

   Dated:   **September 24, 2009**          **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Should Plaintiff have more current information on the whereabouts of the unserved Defendant, he should provide it to the Court at this time.

3