# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY FENSTERMACHER, | CASE NO. 1:08-cv-01447-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 44, 59, 63, 73) |
| SAMUEL MORENO, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Timothy Fenstermacher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are four motions concerning a discovery dispute regarding documents Plaintiff is requesting from Defendants Moreno and Robles ("Defendants") and the California Department of Corrections and Rehabilitation ("CDCR").

I.    **Background**

    A.    **Plaintiff's July 19, 2010 Motion**

On July 19, 2010, Plaintiff filed a motion "for an Order Pursuant Ev. C. 1043 and 1045 for Disclosure of Personnel Records and Other Investigative Material Held by California Dept. of Corrections and Rehabilitations." (Doc. #44.)  Plaintiff requests the disclosure of all investigative materials collected by CDCR in connection with the Office of Internal Affairs investigation of the June 20, 2006 use of force incident that is the subject of this civil litigation.  Plaintiff argues that disclosure is proper pursuant to the Pitchess procedures codified in California Evidence Code §§ 1043 and 1045.  Plaintiff's motion also describes his attempts to obtain the requested documents

1

from the Defendants in this action through discovery requests.

Plaintiff's requests were denied because Defendants contended that the documents were privileged.  Since the motion described Plaintiff's efforts to obtain the documents through the discovery process, the Court ordered the Defendants to respond to the motion and construe it as a motion to compel.  Defendants Moreno and Robles both filed oppositions to Plaintiff's motion. CDCR has also filed a brief in opposition to Plaintiff's motion.

### B.   Defendant's October 22, 2010 Motion to Quash Plaintiff's Subpoena

Plaintiff attempted to obtain the documents in question through the subpoena process.  On October 22, 2010, Defendant Moreno filed a motion to quash Plaintiff's subpoena.  (Doc. #59.) Defendant Moreno argued that the subpoena was defective because it was not issued by the court or by an attorney acting as an officer of the court, as required by Federal Rule of Civil Procedure 45(a)(3).  On November 24, 2010, Plaintiff conceded that the subpoena was defective and issued a statement of "non-opposition" to Defendant Moreno's motion.  (Doc. #74.)

### C.   Plaintiff's Motions for a Subpoena

Plaintiff has filed two motions requesting the issuance of a subpoena duces tecum.  Plaintiff's November 1, 2010 motion requests the issuance of a subpoena commanding CDCR to produce the documents requested in Plaintiff's July 19, 2010 motion. (Doc. #63.) Plaintiff's November 15, 2010 motion requests the issuance of a blank subpoena.  (Doc. #73.)

## II.   Discussion

Plaintiff requests the disclosure of all documents related to the CDCR's investigation into the incident described in Plaintiff's complaint.  However, Plaintiff's July 19, 2010 motion is defective in that it requests production of those documents through the procedures set forth in California Code of Evidence §§ 1043 and 1045.[1]  The Court directed Defendants to respond to the July 19, 2010 motion by construing it as a motion to compel to obtain further briefing regarding whether Plaintiff's requests were appropriate under federal law pertaining to discovery.

---

[1] In California state court, the procedures set forth in California Code of Evidence §§ 1043-1045, as well as California Penal Code §§ 823.7 and 832.8 are procedures by which a California criminal defendant may seek disclosure of a peace officer's personnel records.  A motion made under these procedures is commonly known as a "Pitchess motion."

1    The parties' submissions contain scant discussion of the standards for conducting discovery
2    in the federal court system, such as whether Plaintiff's original requests for documents were proper
3    under Rule 34.  Defendant Robles' opposition argues that Plaintiff failed to properly comply with
4    the California state law requirements for filing a Pitchess motion and that the documents requested
5    are privileged under California law.  CDCR has also intervened and filed a brief arguing that it is
6    entitled to be heard before the documents are disclosed and that the documents requested are
7    privileged under California law.  Defendant Moreno filed an opposition arguing that CDCR should
8    be given an opportunity to be heard and that the documents are privileged under California law.
9    Defendant Moreno also argues that the Court should conduct an in-camera review of the documents
10   before ordering disclosure, that the documents requested contain irrelevant information, and that the
11   documents contain information that is privileged under the attorney work-product and attorney-client
12   privileges.

13   This action is proceeding in federal district court and not in California state court.  The Court
14   advises the parties that their citations to California state law on evidentiary procedures, such as the
15   Pitchess motion process, and their citations to California laws regarding evidentiary privileges are
16   not particularly helpful in resolving the pending discovery dispute before the Court.  In federal court,
17   federal law governs the applicability of evidentiary privileges unless "State law supplies the rule of
18   decision."  Federal Rule of Evidence 501.  Even "[w]here there are federal question claims and
19   pendent state law claims present, the federal law of privilege applies."  Agster v. Maricopa County,
20   422 F.3d 836, 839 (9th Cir. 2005).  This is an action brought under 42 U.S.C. § 1983, which is a
21   federal statute.  Therefore, California law on privileges does not apply.  The Court is unaware of any
22   authority suggesting that California's Pitchess motion process is applicable in federal court.

23   The discovery dispute is further unclear because Plaintiff's motion fails to identify which
24   discovery requests are in dispute, and Defendants' oppositions fail to meaningfully identify the
25   documents that are responsive to the requests and fail to provide a privilege log detailing how the
26   documents withheld are privileged, as required by Federal Rule of Civil Procedure 26(b)(5).
27   Defendants have not described the nature of the documents withheld with enough specificity to allow
28   the Court to assess their claim that the documents are privileged.

Although the California state laws with respect to discovery procedures and evidentiary privileges do not apply, many of the procedures and privileges under California state law have federal analogues that are substantially similar.  For example, although the Court is unaware of any authority suggesting that the Pitchess motion procedure is applicable in a federal civil action, Plaintiff may be entitled to the documents requested through Rule 34 document production requests or a subpoena duces tecum under Rule 45.  Based on the filings on the docket, Plaintiff has attempted to obtain the documents through both federal procedures.

Accordingly, the Court directs the parties to meet and confer to resolve their dispute regarding whether Defendants' responses to Plaintiff's Rule 34 document production requests are proper or whether a subpoena duces tecum commanding CDCR to produce the documents should issue.  The Court will also order CDCR to attend the conference if CDCR intends to object to the production of documents and wishes to have an opportunity to be heard.  In the interim, the Court will deny Plaintiff's pending motions regarding this discovery dispute without prejudice.  If the parties are unable to resolve the discovery disputes after meeting and conferring, they must submit a Joint Statement re Discovery Disagreement (Joint Statement) along with a renewed motion to compel or motion for a subpoena.  The Joint Statement must comply with the requirements set forth in Local Rule 251(c).  Furthermore, for each discovery issue in dispute, the parties must:

1)   Submit copies of the original discovery requests and responses giving rise to the dispute;

2)   Identify which specific request (by Request Number) is in dispute;

3)   Identify all documents that have been produced in response to the request;

4)   Identify each document that is responsive to the request but has not been produced in accordance with Federal Rule of Civil Procedure 26(b)(5)(A)(ii); and

5)   Submit a brief argument setting forth each party's contentions concerning why the documents should or should not be produced.  For each document in dispute, Plaintiff must state how the document is relevant and/or how the document is not privileged.  Defendants and CDCR must state how the document is privileged and/or how the document's relevance is outweighed by factors weighing against its disclosure.

4

1    The parties must meet and confer within thirty (30) days of the date of service of this order.

2    The Joint Statement must be submitted to the Court within forty-five (45) days of the date of service

3    of this order.  Plaintiff must file any renewed motion to compel or motion requesting a subpoena

4    concurrently with the Joint Statement.  In their pleadings, the parties are advised to cite to federal

5    authority; any citations to California state law must provide applicable authority stating that

6    California state law should apply.

7    Defendants are further advised that Plaintiff has two distinct procedures for obtaining the

8    documents in question: Rule 34 requests for documents served directly on Defendants, or a Rule 45

9    subpoena duces tecum served on third-party CDCR.  To the extent that CDCR objects to Defendants'

10   producing the documents under Rule 34, CDCR must demonstrate that it has standing to object.

11   Similarly, if Defendants object to the production of documents under Rule 45 by CDCR, Defendants

12   must demonstrate how they have standing to object.

13   If the discovery dispute is resolved after the parties meet and confer, the parties must submit

14   a joint statement indicating that all disputes related to Plaintiff's document production requests have

15   been resolved.

16   Since Plaintiff is incarcerated, Defendants are ordered to contact CDCR and/or the prison

17   where Plaintiff is incarcerated to arrange the time, place, and manner for the conference.

18   With respect to Defendant Moreno's October 22, 2010 motion to quash, since Plaintiff has

19   conceded that his subpoena was defective, the Court will grant the motion.

20   **III.   Conclusion and Order**

21   The Court is unable to resolve the outstanding discovery disputes as currently briefed.

22   Accordingly, the Court will deny Plaintiff's pending motions concerning his document production

23   requests without prejudice and order the parties to meet and confer to resolve their dispute.  In the

24   event they cannot reach a resolution, the parties are ordered to submit a Joint Statement that clearly

25   sets forth each party's contentions.  The Joint Statement must clearly identify each document that

26   is in dispute and clearly set forth each party's arguments as to why the documents should or should

27   not be produced.

28   ///

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's July 19, 2010 motion requesting the disclosure of certain personnel records is DENIED without prejudice;

2.      Defendant Moreno's October 22, 2010 motion to quash Plaintiff's subpoena is GRANTED;

3.      Plaintiff's November 1, 2010 motion for a subpoena is DENIED without prejudice;

4.      Plaintiff's November 15, 2010 motion for a subpoena is DENIED without prejudice;

5.      Defendants are ordered to contact CDCR and/or the relevant authorities at the prison where Plaintiff is incarcerated to arrange a time, place, and manner to meet and confer to attempt to resolve any disputes regarding Plaintiff's attempts to obtain the documents identified in his motions.  The parties must arrange for a time to meet and confer within thirty (30) days of the date of service of this motion; and

6.      Within forty-five (45) days of the date of service of this motion, the parties shall submit a Joint Statement re Discovery Dispute describing any remaining discovery disputes or file a joint statement indicating that any disputes regarding Plaintiff's document production requests have been resolved.  Plaintiff must file any renewed motions to compel or motions requesting a subpoena concurrently with the Joint Statement re Discovery Dispute.


IT IS SO ORDERED.

**Dated:    December 6, 2010**                    _____/s/ Sheila K. Oberto_____
                                                  UNITED STATES MAGISTRATE JUDGE