# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY FENSTERMACHER, | CASE NO. 1:08-cv-01447-SKO PC |
| Plaintiff, | ORDER RE MOTION |
| v. | (Doc. 46) |
| SAMUEL MORENO, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Timothy Fenstermacher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 10, 2010, Plaintiff filed a motion to quash or modify a subpoena Defendant Moreno served on the litigation coordinator at the California Correctional Institution/California Department of Corrections and Rehabilitation to obtain Plaintiff's medical and dental records, as well as the contents of Plaintiff's central file.

## I.    **Background**

### A.    **Plaintiff's Claims**

Plaintiff claims that Defendants Samuel Moreno and Ruben Robles violated Plaintiff's rights under the Eighth Amendment by using excessive force against him.  Plaintiff alleges that on June 20, 2006, Moreno and Robles attacked Plaintiff while he was restrained in handcuffs.  Plaintiff was allegedly slammed face first into a concrete wall.  Plaintiff also alleges that Moreno took Plaintiff's handcuffs and intentionally tightened them as much as he could to injure Plaintiff's wrists.  Moreno also lifted Plaintiff off his feet and slammed him into the ground.  Plaintiff claims that he suffered

a laceration across the bridge of his nose and injuries to his left shoulder and left arm.  Moreno allegedly slammed his knee into the back of Plaintiff's head repeatedly.  Plaintiff contends that Defendant Robles acted "in concert" with Defendant Moreno.

Plaintiff also alleges that Moreno and Robles filed false incident reports to cover up the incident.

### B.    Plaintiff's Motion to Quash

Plaintiff contends that the documents sought are irrelevant and overly burdensome. Defendant Moreno's subpoena requests the litigation coordinator at the California Department of Corrections and Rehabilitation ("CDCR") and the California Correctional Institution to produce Plaintiff's medical records and central file.

With respect to his medical records, Plaintiff contends that the burden of producing the documents outweighs any relevance the records may have.  Plaintiff contends that his complaint only alleges injuries to the bridge of his nose, abrasions to his head and face, injuries to his wrists, and injuries to his shoulders and left arm.  Plaintiff claims that records regarding his dental history have no relevance to the injuries alleged in his complaint.  Plaintiff also argues that any medical records that are not related to the specific injuries alleged in his complaint are not relevant.  Plaintiff also argues that the subpoena should be modified to exclude medical records that are old.[1]

Plaintiff also contends that many of the documents in his central file contain personal information that is not relevant to this action.  Plaintiff states that he does not object to the release of documents related to his disciplinary history or an outline of his criminal history.  Plaintiff argues that the transcripts and probation reports should be obtained from the courts that issued them rather than from Plaintiff's central file because those documents are "more readly[sic] available from the court, as part of public[sic] record."  (Pl.'s Motions to Quash or Modify Subpoena 5, ECF No. 46.) Plaintiff argues that the request for his "general chronologies, work reports, miscellaneous official correspondence and other documents" is vague and ambiguous and "is a perfect example of a fishing

---

[1]It is unclear what medical records are too old.  Plaintiff's reply to Defendant's opposition states that records covering the two or five years before the incident described in Plaintiff's complaint should be sufficient for Defendant's purposes.

expedition." (Pl's Motions to Quash 5, ECF No. 46.)  Plaintiff contends these documents have no relevance to this case.  Finally, Plaintiff objects to the production of any psychiatric reports or narcotic addiction evaluations because Plaintiff's mental health is not an issue of disputed fact in this case.

## C.   Defendant's Opposition

Defendant Moreno filed an opposition to Plaintiff's motion to quash on September 27, 2010. (Doc. #51.)  Moreno indicates that he is willing to limit the scope of the medical records sought to include only the medical records related to the condition of Plaintiff's head, face, and upper extremities, including Plaintiff's shoulders and wrists.  Moreno argues that it is not appropriate to set an arbitrary time limit regarding how far back he can request the medical records because medical injuries can take years, if not decades, to play out.

With respect to the documents in Plaintiff's central file, Moreno argues that he is entitled to the records held by CDCR despite the fact that they could be obtained from another source.  Moreno also states that he is generally willing to forgo production of Plaintiff's general chronologies, but contends that the production of Plaintiff's chronologies could lead to admissible evidence regarding Plaintiff's character for truthfulness or Plaintiff's character for engaging in assaultive conduct. Similarly, Moreno seeks production of Plaintiff's psychiatric reports and narcotic addiction evaluations to the extent that they are relevant to Plaintiff's character for truthfulness or for engaging in assaultive conduct.

## D.   Plaintiff's Reply

Plaintiff filed a reply to Defendant Moreno's opposition on October 19, 2010.  (Doc. #56.) Plaintiff objects to the production of any medical records that are older than two to five years before the incident described in Plaintiff's complaint.  Plaintiff objects to the production of the "FULL legal section of his C-File" because of the personal information contained in the records and the cost. (Pl.'s Response to Def.'s Opp'n Pl. Makes the Following in Support of His Mot. to Quash or Modify Def.'s Subpoena 2-3, ECF No. 56.)  Plaintiff objects to the Defendant's requests for general chronologies, work reports, miscellaneous official correspondences and other documents because ///

they are not relevant. Plaintiff objects to the production of his parole records or narcotic addiction evaluations because they are privileged.

Plaintiff also objects to medical records related to his sinus injuries because they are not sufficiently related to the injuries to Plaintiff's nose that are alleged in his complaint.

**II.   Discussion**

The Court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter, or subjects a person to undue burden. Federal Rule of Civil Procedure 45(c)(3)(A). "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Wright & Aruthur Miller, Federal Practice and Procedure, § 2459 (3d ed. 2010); see also Langford v. Chrysler Motors Corp, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010); U.S. v. Tomison, 969 F. Supp. 587, 596 (E.D. Cal. 1997) ("A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests.").

Plaintiff seeks to quash or modify the subpoena served on CDCR because the documents sought contain his personal medical and mental health information. See Jacobs v. Connecticut Community Technical Colleges, 258 F.R.D. 192, 195 (D. Conn. 2009) ("the plaintiff clearly has a personal privacy right and privilege with respect to the information contained in his psychiatric and mental health records. Hence, the plaintiff's interest in keeping this information gives him standing under Rule 45(c)(3)(A) to challenge the subpoena.").

Plaintiff also argues that the subpoena should be quashed or modified because of undue burden and cost. However, Plaintiff is not the party bearing the burden of production. The subpoena is directed at CDCR, not Plaintiff. Furthermore, CDCR has not filed any objections to the subpoena based on the burden or cost of producing the requested documents. As such, Plaintiff lacks standing to object to the subpoena based on the undue burden or cost to CDCR. The Court will analyze Plaintiff's motion solely with respect to the issue of whether Plaintiff has a personal right or privilege

4

1 with regard to the documents sought.

2     **A.**   **Medical Records**

3     Defendant Moreno concedes that the subpoena should be modified to include only medical

4 reports related to Plaintiff's head, face and upper extremities, including Plaintiff's shoulders and

5 wrists.  Defendant Moreno also argues that the subpoena should cover all medical reports regardless

6 of age.

7     Plaintiff argues that the subpoena should be further limited to exclude any medical reports

8 related to Plaintiff's right shoulder and any medical reports related to Plaintiff's sinuses.  Plaintiff

9 argues that the subpoena should also be limited to cover medical reports regarding injuries that

10 occurred two or five years before the incident described in Plaintiff's complaint.

11     Plaintiff appears to concede that he is not seeking any damages for injuries related to his right

12 shoulder.  Accordingly, the Court will limit the subpoena to exclude medical reports related to

13 Plaintiff's right shoulder.

14     Plaintiff argues that the treatments he received for his sinuses are not reasonably related to

15 the alleged injuries to the bridge of his nose.  The Court disagrees and finds that the two anatomical

16 areas are sufficiently close in proximity such that the records of the surgeries and treatments for

17 Plaintiff's sinuses could contain information negating the allegations of damage to the bridge of

18 Plaintiff's nose.

19     Plaintiff argues that Defendant Moreno should only be entitled to medical records within a

20 certain time frame.  Plaintiff cites to WM High Yield v. O'Hanlon, 460 F. Supp. 2d 891, 896 (S.D.

21 Ind. 2006) in support of his contention that limiting the time period would be appropriate.  In WM

22 High Yield, the district court found that a subpoena imposed an undue burden.  However, the

23 unlimited time period, or a seven-year time period with respect to some requests, was only one of

24 the many factors addressed by the district court.  The district court ultimately concluded that the

25 broad document requests were not reasonably calculated to lead to the discovery of admissible

26 evidence.

27     In contrast, Defendant Moreno argues that older medical records are relevant because they

28 may reveal that Plaintiff suffered an injury many years ago that should factor into any damage

1   calculation.  The Court finds Defendant's argument to be persuasive.  Plaintiff's older medical

2   records may contain evidence that Plaintiff suffered an injury to his head, face, or upper extremities

3   five, ten, or even fifteen years ago that may limit the damages recoverable in his lawsuit.  Further,

4   as noted previously, Plaintiff lacks standing to object to the subpoena based on the burden or cost

5   imposed on CDCR as Plaintiff is not the party bearing the burden of production and CDCR has not

6   filed any objections with respect to the burden of production.  Accordingly, the Court will not limit

7   the production of the medical reports to reports from a particular period.

8       In sum, the Court will modify the subpoena to limit the medical records produced to records

9   related to Plaintiff's head, face, left shoulder, and wrists.  The Court will not modify the subpoena

10   to limit the medical records produced based on the age of the record.

11       **B.**   **Central File**

12       Defendant Moreno contends that CDCR should be compelled to produce Plaintiff's court

13   records because CDCR holds a centralized compilation of Plaintiff's legal/criminal records.

14   Defendant Moreno agrees to forgo the production of Plaintiff's general chronologies, except to the

15   extent that they may include materials related to Plaintiff's character for truthfulness, or character

16   for engaging in assaultive behavior.  Moreno also agrees to forgo the production of psychiatric

17   reports and narcotic addiction evaluations, except to the extent that they include materials related to

18   Plaintiff's character for truthfulness, or character for engaging in assaultive behavior.  Defendant

19   notes that Plaintiff has not contested the production of the disciplinary section of his central file, or

20   the records directly related to the incident described in Plaintiff's complaint.

21       **1.**   **Legal/Criminal History Records**

22       With respect to Plaintiff's legal/criminal records, Plaintiff concedes that the information

23   sought is public information, and thereby waives any argument that he has a personal or privileged

24   right to the documents sought.  Plaintiff's sole argument is that Defendant Moreno could obtain the

25   documents related to Plaintiff's criminal history directly from the courts that issued the documents

26   and the subpoena imposes an undue burden or cost on CDCR.  Plaintiff lacks standing to object to

27   the burden or cost imposed on CDCR.  Accordingly, the Court will not modify the subpoena to

28   exclude documents in Plaintiff's central file concerning his criminal history.

### 2. **Disciplinary History Records**

Plaintiff does not object to the production of the documents in his central file related to his disciplinary history.

### 3. **Documents Directly Related to the Events Alleged in Plaintiff's Complaint**[2]

Plaintiff does not object to the production of the documents in his central file directly related to the events alleged in Plaintiff's complaint.

### 4. **Remaining Documents in Plaintiff's Central File**

Plaintiff's reply identifies a wide range of documents (see Pl's Response to Def.'s Opp'n 6:26-10:19, ECF No. 56) that Plaintiff contends are not relevant to Plaintiff's claims or Defendant Moreno's defenses. Lack of relevance is not specifically enumerated in Rule 45(c) as grounds for modifying or quashing a subpoena. However, district courts often consider relevancy when balancing the burden imposed by a subpoena. See Moon v. SCP Pool Corp, 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash."); Travelers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005) ("An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party.")

Nonetheless, Plaintiff does not have standing to object to the burden imposed on CDCR by the subpoena. Plaintiff only has standing to object to the subpoena on the grounds that he has some personal right or privilege to the documents sought. Accordingly, the Court disregards Plaintiff's contentions that the subpoena should be quashed or modified because the documents requested have no relevance and would therefore constitute an undue burden on CDCR.

Plaintiff does have standing to object to the production of his central file on the ground that it contains sensitive personal information. Defendant Moreno appears to be agreeable to limiting the scope of the subpoena with respect to the remaining documents in Plaintiff's central file, but also

---

[2]The events are summarized in Part I.A of this order.

7

argues that these documents could contain information relevant for establishing Plaintiff's character for truthfulness, or Plaintiff's character for engaging in assaultive conduct.  However, Defendant Moreno fails to persuasively demonstrate that these documents are <u>likely</u> to contain such relevant information.  The Court finds that Plaintiff's privacy interests outweigh Defendants' need for the documents.  Accordingly, the Court will modify the subpoena to exclude such documents.

The Court will limit the production of Plaintiff's central file to documents related to Plaintiff's legal/criminal history, documents related to Plaintiff's disciplinary history, and any other documents directly related to the events alleged in Plaintiff's complaint.

**III.   Conclusion and Order**

The Court will modify Defendant Moreno's subpoena as described in this order.  Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motion to quash or modify Defendant Moreno's subpoena is PARTIALLY GRANTED;

2.   Defendant Moreno's subpoena duces tecum is modified to limit the documents requested to:

a.   Documents from Plaintiff's medical file related to injuries to Plaintiff's head, face, left shoulder, and wrists; and

b.   Documents from Plaintiff's central file related to Plaintiff's legal/criminal history, disciplinary history, and any other documents directly related to the events described in Plaintiff's complaint; and

3.   The California Department of Corrections and Rehabilitation is ordered to respond to the subpoena duces tecum as modified.

IT IS SO ORDERED.

**Dated:    December 6, 2010**              **/s/ Sheila K. Oberto**
                                     UNITED STATES MAGISTRATE JUDGE